STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

THOMAS R. GREEN (CABN 203480)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3695
   Fax: (510) 637-3724
   E-Mail: Thomas.Green@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:21-CR-00301 HSG |
| Plaintiff, | **STIPULATION AND ATTORNEYS-EYES-ONLY PROTECTIVE ORDER** |
| v. | |
| KARDELL NICHOLAS SMITH, | |
| Defendant. | |

With the agreement of the parties, the Court enters the following Protective Order:

Defendant is charged with Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1).

The government intends to produce certain materials that the government believes are particularly sensitive and pose a risk of harm to certain individuals. Such sensitive materials include documents identifying victims of crimes. In order to balance the needs of the defense in obtaining these sensitive materials in order to prepare a defense, and the need to protect witnesses and victim from potential harm, the parties have agreed that these sensitive materials (the "ATTORNEYS-EYES-ONLY MATERIALS") will be produced only to defense counsel (not to the defendant), will be labeled

"ATTORNEYS-EYES-ONLY MATERIALS," and defense counsel's possession and use of these ATTORNEYS-EYES-ONLY MATERIALS are subject to the following restrictions:

1. Only the following individuals may examine the ATTORNEYS-EYES-ONLY MATERIALS for the sole purpose of preparing the defense in this case and for no other purpose:

   a. counsel for defendant;

   b. members of defense counsel's law office who are assisting with the preparation of defendant's defense; and

   c. paralegals, law clerks, discovery coordinators, investigators and/or experts (including mitigation experts) retained by defendant or assigned by the Court to assist in the defense of this matter.

2. The defendant may NOT have access to the ATTORNEYS-EYES-ONLY MATERIALS, and the content/substance of those materials may not be disclosed to the defendant or anyone else not approved to review the materials. The defendant already has access to redacted versions of the ATTORNEYS-EYES-MATNERIALS, and nothing in this order prohibits him from reviewing such redacted versions of documents that are subject to this order.

3. A copy of this ATTORNEYS-EYES-ONLY Protective Order shall be maintained with the ATTORNEYS-EYES-ONLY MATERIALS at all times.

4. All individuals other than defense counsel who receive access to the ATTORNEYS-EYES-ONLY MATERIALS, prior to receiving access to the materials, shall sign a copy of this ATTORNEYS-EYES-ONLY Protective Order acknowledging that:

   a. they have reviewed this Order;

   b. they understand its contents;

   c. they agree that they will only access the ATTORNEYS-EYES-ONLY MATERIALS for the purposes of preparing a defense for defendant; and

   d. they understand that the failure to abide by this Order may result in sanctions by this Court.

These signed copies shall be maintained by counsel for the parties and shall be made available upon request under seal to the Court.

5. No other person shall be allowed to examine the ATTORNEYS-EYES-ONLY MATERIALS and the contents/substance of the ATTORNEYS-EYES-ONLY MATERIALS shall not be shared with anyone without further order of the Court, with the sole exception being that the persons who work with the defense who are eligible to examine ATTORNEY-EYES-ONLY MATERIALS may discuss the contents/substance of the materials with victims identified in the materials.  Examination of the ATTORNEYS-EYES- ONLY MATERIALS shall be done in a secure environment which will not expose the materials to other individuals not listed above.

6. The ATTORNEYS-EYES-ONLY MATERIALS may be duplicated but only to the extent necessary to prepare the defense of this matter.  Any duplicates shall be treated as originals in accordance with this Order.

7. The defense team shall, upon request of the United States, return the ATTORNEYS-EYES-ONLY MATERIALS (and any duplicate copies of the same) to the United States fourteen calendar days after any one of the following events, whichever is latest in time, occurs: dismissal of all charges against defendant; defendant's acquittal by court or jury; or the conclusion of any direct appeal.

8. After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case, the United States will maintain a copy of the ATTORNEYS-EYES-ONLY MATERIALS.  The United States will maintain the ATTORNEYS-EYES-ONLY MATERIALS until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired.  After the statutory time period for filing such a motion has expired, the United States may destroy the ATTORNEYS-EYES-ONLY MATERIALS.  In the event defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide that counsel with a copy of the ATTORNEYS-EYES-ONLY MATERIALS under the same restrictions as trial and direct appeal defense counsel. Defendant's attorney in any action under 28 U.S.C. § 2255 shall return the same materials fourteen calendar days after the district court's ruling on the motion or fourteen calendar days after the conclusion of any direct appeal of the district court's denial of the motion, whichever is later.

//
//
//

**IT IS SO STIPULATED.**

DATED: November 29, 2021

Respectfully Submitted,

STEPHANIE M. HINDS
Acting United States Attorney

/s/ *Thomas R. Green*
THOMAS R. GREEN
Assistant United States Attorney


/s/ *Joyce Leavitt*
JOYCE LEAVITT
Attorney for Kardell Smith

**IT IS SO ORDERED.**

Dated: 11/30/2021

HON. HAYWOOD S. GILLIAM, JR.
United States District Judge